## CONOWAY v. MORROW et al.

(Court of Civil Appeals of Texas. El Paso. May 2, 1912.)

1. EVIDENCE (§ 83*)—PRESUMPTIONS — REGULARITY OF OFFICIAL ACTS.

Where a clerk's certificate of copies of instruments and orders in an administration proceeding in the probate court did not in terms show that the instruments copied therein were copied from the probate records, but the instruments, read in connection with the certificate, showed that they could have been properly recorded only in the probate records, the certified copies are admissible in evidence, as it will be presumed that the clerk's official acts were regular, and that they were recorded in the probate records.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 105; Dec. Dig. § 83.*]

2. APPEAL AND ERROR (§ 1106*) — DISPOSITION OF CAUSE—REMAND.

Where the facts in regard to the issues raised by assignments of error were fully developed at the trial, it is incumbent upon the court to consider the assignments for the purpose of determining whether a final judgment should be rendered; but, where it appears that the facts were not fully developed, the case should be reversed and remanded that all the facts may be shown.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4386–4398, 4585; Dec. Dig. § 1106.*]

Appeal from District Court, Midland County; S. J. Isaacs, Judge.

Trespass to try title by A. L. Conoway against J. A. Morrow and others, with cross-action by Morrow. Plaintiff nonsuited, and judgment for Morrow, and plaintiff appeals. Reversed and remanded.

Caldwell & Whitaker, of Midland, and Frank G. Morris, of El Paso, for appellant. A. S. Hawkins and W. E. Allen, both of Midland, Cornell & Wardlaw, of Sonora, Silliman & Campbell, of El Dorado, and C. E. Dubois, of San Angelo, for appellees.

HIGGINS, J. Appellant instituted this suit in trespass to try title against J. A. Morrow to recover the title to and possession of section No. 5, block N, containing 640 acres of land in Upton county, surveyed by virtue of certificate No. 503 issued to the Houston East & West Texas Railway Company. Morrow answered by plea of not guilty, and by cross-action alleged that he was the owner of such land, and prayed for judgment over against Conoway, for the title and possession thereof. Upon trial before the court Conoway took a nonsuit, and judgment was rendered in favor of Morrow upon his cross-action. In support of his title and upon his cross-action, Morrow introduced in evidence an application by W. C. Alexander to purchase section 5 as belonging to the free school fund, and award of the Land Commissioner showing that the land was awarded to Alexander in accordance with the laws regulating the sale of free school land to actual settlers. It was shown that Alexander had made settlement upon the land and affidavit as required by law, and interest payments had been made upon the deferred purchase-money obligations to the state. Alexander conveyed the land to Morrow prior to the expiration of the three years' occupancy, and it was shown that Morrow had completed the occupancy of the land, as required by law. Conoway, in bar of the cross-action, offered in evidence a patent from the state of Texas dated July 1, 1881, which was long prior to the inception of any rights of Alexander under the award of the land to him, Alexander's application to purchase the said land being dated July 8, 1908, filed in the land office July 16, 1908, and awarded August 8, 1908. He next offered in evidence certified copies from the probate records of Tarrant county, Tex., in the administration of the joint estate of Thomas and Mary A. Roche, of the following instruments: Order of sale of the land in controversy; report of sale thereof made to the probate court of said Tarrant county; order of said court confirming the sale by the administrator of the land to Conoway. Conoway also offered in evidence a deed from said administrator to him made in pursuance of the foregoing probate proceedings.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

[1] Upon objection the probate proceedings were excluded; the objection urged to their admissibility being that the certificate of the clerk of the county court of Tarrant county certifying to said copies did not show that the instruments therein copied were copied from the probate records. The excluded probate records, together with a number of other records, were all covered by one certificate of the clerk, which reads as follows: "I, Jno. A. Koe, clerk of the county court in and for said county and state, do hereby certify that the above and foregoing pages contain a true and correct copy of the application for temporary administrator and order of court appointing J. J. Roche, temporary administrator of the estate of Thomas Roche, deceased; bond and oath of temporary administrator and order of court approving same; order of court continuing temporary administrator; order of court granting leave to amend application for permanent letters; application for permanent administrator of Thomas and Mary A. Roche, and order of the court appointing same; citation and return; bond and oath of permanent administrator and order of court approving same; certificate of administration; application for appointment of appraisers and inventory and appraisement attached, and order of the court approving and appointing same; application for order of sale, citation and return, order of sale, report of sale and confirmation of sale, as same appears of record in this office."

The certificate should be read in connection with the instruments themselves, and the only proper place in which they could be properly recorded by the Tarrant county clerk was in the probate minutes of his court, as it appears from the instruments themselves that the estates of Thomas and Mary A. Roche were being administered in the county court of that county.

The regularity of official acts is presumed, and the certificate shows that the copies were taken from the records of the Tarrant county court, and it should be presumed that the instruments were recorded by the clerk in the proper records, rather than that they were recorded in the deed records or some other improper record of his office. The instruments themselves, which we think should be considered in connection with the certificate, and the description of the instruments as contained in the certificate itself, all clearly disclose that they were such instruments as were properly recorded by the clerk in the probate minutes only, and we think it unnecessary for the certificate itself to show that they were recorded in those minutes, as that is a presumption which would follow as a logical conclusion. We are therefore of the opinion that the certificate was sufficient, and that the court erred in excluding these probate records.

[2] We are further of the opinion that it is unnecessary for us to pass upon the questions presented by appellant's other assignments of error under which it is contended that the case should be reversed and rendered, rather than reversed and remanded. Were it apparent that the facts in regard to the issues raised by those assignments had been fully developed, then it would be incumbent upon us to consider these assignments for the purpose of determining whether or not a final judgment should be here rendered. It is not apparent that the facts were fully developed, and we are of the opinion that the case should be reversed and remanded, to the end that all of the facts may be fully developed and complete justice be done, and it is so ordered.

Reversed and remanded.